**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-62295-CIV-RUIZ/STRAUSS**

**TRADESPOT MARKETS INC.,**

     **Plaintiff,**

**v.**

**ICARO MEDIA GROUP INC.,**

     **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

     **THIS CAUSE** is before the Court on Defendant's Verified Motion for Attorney's Fees ("the Motion").  (DE 29).  The matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida.  (DE 30).  I have considered the Motion, Plaintiff's response (DE 31), Defendant's reply (DE 34), and the record, and am otherwise duly advised.  For the reasons stated below, I **RECOMMEND** that the Motion be **DENIED**.

**I.**     **BACKGROUND**

     This case stems from Defendant's alleged breach of an Advisory/Investment Banking/Placement Agent Agreement ("the Agreement").  (DE 1).  The Agreement provided that Plaintiff, a broker-dealer incorporated in Florida, would serve as Defendant's exclusive agent and investment banker and would receive compensation in return for certain services.  *Id.* at 2-3, 8-9. On November 5, 2021, Plaintiff brought the instant action alleging that Defendant failed to pay for certain services Plaintiff performed in accordance with the Agreement.  *Id.* at 1-5.

     As a broker-dealer, Plaintiff is a member of the Financial Industry Regulatory Authority ("FINRA").  (DE 23 at 3-4).  Under FINRA Rule 12200, members must arbitrate their disputes

when: (1) arbitration is either required by a written agreement or requested by a customer; (2) the dispute is between a customer and a FINRA member; and (3) the dispute arises in connection with the business activities of a member.  *See* FINRA Rule 12200.  After Plaintiff served Defendant with the Complaint, Defendant informed Plaintiff that it sought to arbitrate the dispute.  (DE 11; DE 11-2).  Plaintiff did not accede to Defendant's arbitration request, and on December 23, 2021, Defendant filed a Motion to Compel Arbitration and Stay the Case ("Motion to Compel").  (DE 11).  The District Court granted Defendant's Motion to Compel on March 31, 2022.  (DE 23).  In its order granting the Motion to Compel, the District Court found that Defendant was a "customer" under FINRA—the only element of Rule 12200 in dispute—and that the FINRA Code constituted a written agreement to arbitrate.  *Id.* at 3-4.  Thus, according to the District Court, "[t]he parties [had to] arbitrate their breach of contract dispute and any claim concerning the reasonableness of fees or charges pursuant to FINRA."  *Id.* at 7.  The District Court administratively closed the case pending the outcome of FINRA arbitration proceedings. *Id.*

On May 5, 2022, Defendant filed a Motion for Costs seeking $200.00 in taxable costs for the *pro hac vice* admission of one its attorneys.  (DE 26).  Plaintiff did not respond, and the District Court granted the Motion for Costs.  (DE 28).  On May 31, 2022, Defendant filed the instant Motion seeking attorney's fees for preparing the Motion as well as the Motion to Compel.  (DE 29).  Defendant contends that it is entitled to an award of prevailing party attorney's fees because paragraph 17(b) of the Agreement provides that "[t]he predominantly prevailing party in any legal proceeding shall be entitled to reimbursement for all legal expenses in connection therewith, including its attorney fees."  *Id.* at 4; *see* (DE 1 at 17) (containing the fee provision at issue).  Defendant requests a total of $38,535.50 in fees.  (DE 29 at 7).  In response, Plaintiff argues that Defendant is not entitled to fees because it has not yet "prevailed" and that the FINRA arbitrator

should determine the issue of fees.  (DE 31 at 2-4).  Even if Defendant is entitled to fees, Plaintiff argues that the amount of fees Defendant has requested is not reasonable.  *Id.* at 5-15.

## II.   <u>ANALYSIS</u>

As stated above, Defendant contends that it is entitled to an award of prevailing party attorney's fees under the Agreement for prevailing on the Motion to Compel.  The Agreement provides that Florida law governs.  (DE 1 at 17).  Federal and Florida courts both follow the "American Rule" regarding the recovery of attorney's fees.  *See Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach,* 353 F.3d 901, 904 (11th Cir. 2003); *MV Senior Mgmt., LLC v. Redus Fla. Hous., LLC*, 319 So. 3d 66, 67 (Fla. 1st DCA 2020).  "Under the 'American Rule,' attorney's fees in civil litigation are ordinarily borne by the party who incurs them, and a court cannot award the recovery of attorney's fees from an opposing litigant unless 'authorized by statute or by agreement of the parties.'"  *Topalli v. Feliciano*, 267 So. 3d 513, 518 (Fla. 2d DCA 2019) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1148 (Fla. 1985)); *see In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019) (same).  Statutes and contractual provisions concerning attorney's fees must be "strictly construed."  *Air Turbine Tech., Inc. v. Quarles & Brady, LLC*, 165 So. 3d 816, 821 (Fla. 4th DCA 2015).  The Agreement in this case contains a provision stating that the "predominately prevailing party" is entitled to have its legal fees reimbursed by the other party.  However, the Agreement does not provide a definition for "predominately prevailing party."  Thus, the threshold issue—the issue of Defendant's entitlement to attorney's fees—hinges on whether Defendant may be considered the "predominately prevailing party."

"Prevailing party" is a legal term of art.  *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *San Martin v. DaimlerChrysler Corp.*,

3

983 So. 2d 620, 623 (Fla. 3d DCA 2008).  "Black's Law Dictionary . . . defines 'prevailing party' as '[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'"  *Buckhannon*, 532 U.S. at 603 (quoting Black's Law Dictionary 1145 (7th ed. 1999)). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties."  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989).  For example, the United States Supreme Court has stated "that enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."  *Buckhannon*, 532 U.S. at 604.  In Florida, the prevailing party is deemed to be the party that prevailed on the "significant issues in litigation."  *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "In making the determination as to which party has prevailed, a trial court is to focus on the 'result obtained.'"  *Zhang v. D.B.R. Asset Mgmt., Inc.*, 878 So. 2d 386, 387 (Fla. 3d DCA 2004) (citing *Smith v. Adler*, 596 So. 2d 696, 697 (Fla. 4th DCA 1992)).  A determination on the merits is not a prerequisite for an award of prevailing party attorney's fees, but "[t]here must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed."  *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990).

Although it is non-binding, I find *Frazier v. Johnson*, 8:08CV677T17TGW, 2009 WL 331372, at *1 (M.D. Fla. Feb. 10, 2009), to be analogous and instructive.  There, the plaintiffs filed suit alleging that the defendants defaulted on a purchase agreement.  *Id.* at *1.  The purchase agreement contained two relevant provisions.  *Id.* at *1-2.  The first relevant provision stated that controversies arising out of the agreement "shall be resolved by binding arbitration."  *Id.* at *1. The second relevant provision stated that "[i]f any action is brought by either party against the

other party arising out of this Agreement, the prevailing party shall recover from the other party reasonable attorneys' fees, costs and expenses incurred in connection with the prosecution or defense of such action." *Id.* at *2. The defendants filed a motion to compel arbitration and to dismiss the complaint based on the arbitration provision. *Id.* at *2. The court in *Frazier* granted those defendants' motion and dismissed the case. *Id.* Subsequently, the defendants filed a motion for attorney's fees and costs, claiming that they were entitled to fees "based on their status as a prevailing party under the contract." *Id.* Citing to several other cases,[1] the *Frazier* court noted that obtaining a favorable ruling on a motion to compel arbitration was a procedural victory, not a victory on the merits, and did not render the defendants a "prevailing party." *Id.* That court also noted that the defendants had not yet provided any information indicating that the arbitrator determined the underlying merits of the case. *Id.* at *3. Ultimately, the *Frazier* court denied the motion and found that defendants could not "be said to be victors entitled to attorneys' fees as a prevailing party under the commonly understood meaning of the term." *Id.*

Here, as in *Frazier*, I find that Defendant has not yet shown that it is the "prevailing party." After Plaintiff filed this action regarding payment for services under the Agreement, the Defendant successfully moved to compel arbitration based on Plaintiff's FINRA membership. However, this was merely a procedural victory that moved Plaintiff's breach of contract dispute to a different forum. There is no indication that the arbitrator has resolved the merits of Plaintiff's contractual dispute. In fact, this case is currently administratively closed pending the outcome of the arbitration proceedings. (DE 23). Thus, Plaintiff has not yet prevailed on a "significant issue" in the litigation (as evidenced by the fact that the litigation on the merits of the contractual dispute

---

[1] *Gossett v. Porsche*, 2006 WL 3007384 at *2 (D.S.C. 2006) and *Pitchford v. Oakwood Mobile Homes, Inc.*, 212 F. Supp. 2d 613, 618 (W.D. Va. 2002).

has not ended), and any "prevailing party" determination would be premature at this point.  *See Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1261 (11th Cir. 2003) ("Whether Musnick will, in fact, incur attorneys' fees in this matter depends entirely on whether he prevails in arbitration.").

Defendant attempts to analogize its case to *Quintana v. Transp. Am., Inc.*, 20-21300-CIV, 2022 WL 538167, at *1 (S.D. Fla. Feb. 23, 2022) and *Ibrahim v. Morton's Rest. Group, Inc.*, 04-20554CIV, 2005 WL 6068544, at *1 (S.D. Fla. Mar. 16, 2005), where the defendants were awarded attorney's fees for prevailing on their motions to compel arbitration.  However, I find both cases to be distinguishable.  The contracts at issue in *Quintana* and *Ibrahim* included mandatory arbitration provisions that provided for attorney fees if a party had to litigate entitlement to arbitration and prevailed on that issue.  *See Quintana*, 20-21300-CIV, 2022 WL 538167, at *1; *Ibrahim*, 04-20554CIV, 2005 WL 6068544, at *1-2.  Neither the Agreement nor the FINRA code, which the Court held constituted the parties' agreement to arbitrate, included such a provision.

Additionally, Defendant cites to *Green Cos. v. Kendall Raquetball Inv. Ltd.*, 658 So. 2d. 1119 (Fla. 3d DCA 1995) and *Lucite Center Inc. v. Mercede*, 606 So. 2d 492 (Fla. 4th DCA 1992), for the proposition that Florida law provides for an award of attorney's fees each time there is litigation involving a contract providing for prevailing party fees.  However, in *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194 (Fla. 2009), the Florida Supreme Court explicitly held otherwise.  *See Trytek*, 3 So. 3d at 1203 ("Certainly the possibility that neither party is a 'prevailing party' is consistent with an application of the 'significant issues' test of *Moritz* and *Prosperi*."); *see also KCIN, Inc. v. Canpro Inv., Ltd.*, 675 So. 2d 222 (Fla. 2d DCA 1996) ("[A]n attorney's fee award is not required each time there is litigation involving a contract providing for prevailing attorney's fees.").  Thus, contrary to Defendant's assertions, neither Florida law nor the Agreement provides

for an award of attorney's fees in this scenario.

In light of the conclusion that Defendant is not entitled to attorney's fees at this point, the Court declines to address the parties' arguments regarding the reasonableness of attorney's fees sought by Defendant or the proper forum for a future dispute about attorney's fees.

## III.   <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion (DE 29) be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida, this 12th day of September 2022.

Jared M. Strauss
United States Magistrate Judge

Copies to Counsel via CM/ECF.