**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-62295-RAR**

**TRADESPOT MARKETS INC.**,

Plaintiff,

v.

**ICARO MEDIA GROUP INC.**,

Defendant.
_________________________________________/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report"), [ECF No. 84], on Plaintiff's Motion to Confirm Arbitration Award, [ECF No. 56], and Defendant's Cross-Motion to Vacate the Arbitration Award, [ECF No. 67]. Plaintiff Tradespot Markets Inc. asks the Court to confirm the Financial Industry Regulatory Authority's ("FINRA") October 3, 2025 Final Award of $1,011,005.14 against Defendant Icaro Media Group Inc. *See* Mot. to Confirm at 1. In its Cross-Motion, Defendant asks the Court to vacate the award pursuant to 9 U.S.C. § 10(a)(4), which permits vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See* Mot. to Vacate at 2; to 9 U.S.C. § 10(a)(4). The Report recommends that the Court grant Plaintiff's Motion confirming the Final Award and deny Defendant's Cross-Motion to Vacate. *See* Report at 1.

Defendant timely filed objections to the Report ("Objections"), [ECF No. 85], on June 12, 2026, to which Plaintiff filed a response ("Response"), [ECF No. 86], on June 26, 2026. Defendant raises two objections to Magistrate Judge Strauss' Report. First, Defendant argues that the Report

improperly characterizes its Cross-Motion as a "request to reweigh the evidence or to vacate for insufficient evidence." Obj. at 10–11. Second, Defendant objects to the Report's conclusion that Defendant failed to show that "the Panel rewrote, rather than interpreted, the Agreement." *Id*. at 18. According to Defendant, the Report incorrectly assumes that the Agreement was "open to interpretation on the dispositive point, when it was not." *Id*. at 18–19.

Although Defendant raises two Objections, both ultimately boil down to the same issue. Defendant argues that "Tradespot's own principal admitted that Tradespot did not perform the services required under the Agreement to be entitled to the performance-based fee, yet the Panel awarded Tradespot an eight percent 'performance' fee anyway." Obj. at 4. Thus, the Panel "modified or altered the Agreement to accept Tradespot's non-performance as sufficient, or to read out of the Agreement the requirement of performance." *Id.* In other words, Defendant treats this testimony as conclusively establishing that Plaintiff did not perform under the Agreement. Defendant thus maintains that it does not challenge *how* the Panel weighed the evidence—but rather that the Panel *changed* the contract's terms despite uncontroverted evidence that Plaintiff did not perform under the Agreement.

## LEGAL STANDARD

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Defendant timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Strauss's legal findings to which Defendant objected. Upon careful review of Defendant's Objections and the record, the Court agrees with Magistrate Judge Strauss's recommendation to grant Plaintiff's Motion and deny Defendant's Cross-Motion.

## ANALYSIS

**A. The Report Properly Characterizes Defendant's Objection**

According to Defendant, "Tradespot's admitted non-performance of the required activities, of necessity, required the Panel to rewrite the Agreement to make optional performance of the required activities." Obj. at 11. In support of this contention, Defendant argues that the record establishes that Plaintiff performed none of its required activities and therefore breached the Agreement first. *Id*. Defendant then relies on Florida law stating that one party's material breach relieves the other of its contractual duties. *Id*. at 8 (citing *Bradley v. Health Coal., Inc.*, 687 So. 2d 329, 333 (Fla. 3d DCA 1997)).

As Magistrate Judge Strauss explained, "whether a breach occurred and whether said breach was material are questions of fact under Florida law." Report at 9 (citing *Homeward Real Estate, Inc. v. Shoubaki*, 346 So. 3d 144, 148 (Fla. 2d DCA 2022)). Indeed, resolving this contention would require the Court to reexamine thirteen-plus hours of testimony and the Panel's factual determinations regarding the parties' Agreement and their respective performances under it. However, as Magistrate Judge Strauss correctly recognized, a review of an arbitration award does not permit reconsideration of the legal or factual findings underlying it; such a review would ignore the confines of 9 U.S.C. § 10(a)(4). *See Wiand v. Schneiderman*, 778 F.3d 917, 926 (11th Cir. 2015) ("When reviewing an arbitration award . . . we may revisit neither the legal merits of the award nor the factual determination upon which it relies.").

As Plaintiff points out, Defendant hinges its entire argument on three portions of the recordings from the final hearing, constituting less than 5 minutes, which Defendant maintains established Plaintiff's non-performance under the Agreement. Resp. at 10. The arbitration panel, however, considered over thirteen hours of recordings in reaching its decision, ultimately rejecting

Defendant's representation regarding non-performance. *Id.* The Panel did not rewrite the terms of the contract—it weighed hours of testimony (including five hours' worth from Mark Beloyan, Plaintiff's principal) in reaching its determination. Accordingly, the Report accurately characterized Defendant's Cross-Motion as a request for the Court to reweigh the evidence that was before the panel, which the Court cannot do under 9 U.S.C. § 10(a)(4).

**B. Defendant Has Not Demonstrated that the Panel Rewrote the Agreement**

Defendant posits that the Report improperly treated the Agreement as open to interpretation on the dispositive issue when, in Defendant's view, the Agreement unambiguously required Plaintiff to perform certain contractual obligations before becoming entitled to the performance-based fee. *Id*. at 19–21. The Court is unpersuaded by this objection.

Judicial review of an arbitration award is incredibly narrow and, as Magistrate Judge Strauss correctly recognized, "the sole question for [the Court] is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). As previously discussed, the arbitration panel reached its conclusion "[a]fter considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions." Report at 6 (citation omitted). Under these circumstances, Defendant has not demonstrated that the panel abandoned the Agreement or rewrote its terms. Rather, the record reflects that the panel at least arguably interpreted and applied the Agreement in resolving the dispute. *See Barclays Cap. Inc. v. Urquidi*, 786 F. App'x 970, 974 (11th Cir. 2019) (concluding that the arbitration panel at least arguably interpreted and applied the underlying contract when it "considered expressly the parties' pleadings, testimony, and evidence.").

Additionally, Magistrate Judge Strauss noted that "a court would normally look to an arbitrator's reasoning or rationale to determine whether the arbitrator arguably engaged in interpretation." Report at 13 (citing *Wiregrass Metal Trades Council AFL-CIO v. Shaw Env't & Infrastructure, Inc.*, 837 F.3d 1083, 1090 (11th Cir. 2016)). "However, where, as here, an arbitrator does not provide reasoning or rationale for the award, '[courts] will overturn the award only when it is apparent that the arbitrator exceeded his authority. A mere ambiguity in the opinion accompanying the award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award.'" *Id*. (citing *Barclays*, 786 F. App'x at 973) (citation omitted).

## CONCLUSION

Defendant has failed to carry its high burden of demonstrating that vacatur is warranted pursuant to 9 U.S.C. § 10(a)(4). Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Objections, [ECF No. 85], are **OVERRULED** and Magistrate Judge Strauss' Report, [ECF No. 84], is **AFFIRMED AND ADOPTED**. Plaintiff's Motion to Confirm Arbitration Award, [ECF No. 56], is **GRANTED**, and Defendant's Cross-Motion to Vacate the Arbitration Award, [ECF No. 67], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of August, 2026.



**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**